**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 06-4382**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LAWRENCE REGINALD SMITH, a/k/a Reginald
Newton, a/k/a Little Reggie,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond. Robert E. Payne, District
Judge. (3:05-cr-00384-REP)

———————————

Submitted: January 31, 2007        Decided: February 16, 2007

———————————

Before MOTZ and WILKINSON, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Christopher C. Booberg, Richmond, Virginia, for Appellant. Chuck
Rosenberg, United States Attorney, Sara E. Flannery, Assistant
United States Attorney, Tara M. McManigal, Third Year Intern,
Richmond, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lawrence Reginald Smith was convicted by a jury of one count of possession with intent to distribute less than 500 grams of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1) (2000). Smith was sentenced by the district court to forty-one months' imprisonment. Finding no error, we affirm.

On appeal, Smith contends the district court improperly admitted the recording of a telephone conversation between Smith and another individual over defense objection. We review a district court's decision regarding the admission or exclusion of evidence for abuse of discretion. United States v. Lancaster, 96 F.3d 734, 744 (4th Cir. 1996). Such discretion is abused only when a district court has acted "arbitrarily or irrationally." United States v. Moore, 27 F.3d 969, 974 (4th Cir. 1994) (internal quotation marks omitted). However, evidentiary rulings based on erroneous legal conclusions are "by definition an abuse of discretion." United States v. Turner, 198 F.3d 425, 430 (4th Cir. 1999).

Smith argues the Government violated Fed. R. Crim. P. 16(a)(1)(B) as well as an informal discovery agreement by not disclosing his recorded statement well in advance of trial. He asserts the Government was "charged with knowledge" that Smith and James Edward Gainer, the Government's cooperating witness, conversed over the telephone about matters of interest subsequent

to Gainer's arrest. Smith further asserts that his statement was within the Government's control "because it was digitally recorded by a regional jail that has a long standing history of housing federal inmates."

Rule 16(a)(1)(B) requires the Government, upon defendant's request, to disclose any relevant written or recorded statements made by the defendant that are within the Government's possession, custody, or control and which the Government knows, or through the exercise of due diligence could know, exist. Fed. R. Crim. P. 16(a)(1)(B)(i). Because the phone conversation between Smith and Gainer occurred while Gainer was in a state facility under state charges, we conclude the district court properly determined that the statements were not in the Government's "possession, custody, or control." Moreover, it is undisputed that once the Government obtained possession of the recorded statements, it provided Smith with a copy thereof in compliance with Rule 16.

Smith also contends the evidence was insufficient to sustain his conviction under 21 U.S.C. § 841(a)(1). To determine if there was sufficient evidence to support a conviction, we consider whether, taking the evidence in the light most favorable to the Government, substantial evidence supports the jury's verdict. Glasser v. United States, 315 U.S. 60, 80 (1942). We review both direct and circumstantial evidence, and permit the "government the benefit of all reasonable inferences from the facts

proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). Smith argues the evidence was insufficient because the Government's case rested on the "unreliable" testimony of its cooperating witness, Gainer. Witness credibility, however, is solely within the province of the jury and will not be reassessed on appeal. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).

Accordingly, we affirm Smith's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED